**G & C ENTERPRISES, INC., a New Jersey Corporation, Plaintiff,**

v.

**WAGE APPEALS BOARD, United States Department of Labor, Defendant.**

Civ. No. 84–1466.

United States District Court, D. New Jersey.

Oct. 16, 1985.

As Amended Oct. 29, 1985.

Jan M. Schlesinger, Schlesinger, Schlosser, Foy & Harrington, Mount Holly, N.J., for plaintiff.

Irene Dowdy, Asst. U.S. Atty., Trenton, N.J., for defendant.

Terry R. Yellig, Sherman, Dunn, Cohen, Leifer & Counts, Washington, D.C., Barry M. Bennett, Tomar, Parks, Seliger, Simonoff & Adourian, P.C., Haddonfield, N.J., for intervenor Bldg. & Const. Trades Dept., AFL–CIO.

## OPINION

THOMPSON, District Judge.

This matter comes before the court on the cross-motions of the parties for summary judgment. Plaintiff is G & C Enterprises, Inc. Defendant is the Wage Appeals Board, U.S. Department of Labor. Plaintiff seeks review of an administrative decision pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*

Plaintiff is a construction contractor covered by the Davis-Bacon Act, 40 U.S.C. § 276a, *et seq.* The Department of Labor has determined that plaintiff owes over $11,000 in back wages to its employees for fringe benefits for overtime hours worked. Plaintiff appealed the finding through administrative channels to the Wage Appeals Board ["the Board"]. After a hearing and argument, the Board upheld the agency decision. Plaintiff argues that the Board made an error of law in deciding that the Davis-Bacon Act requires an employer to provide fringe benefits for overtime work.

The Davis-Bacon Act establishes wage standards for construction workers hired by government contractors. It provides at 40 U.S.C. § 276a(a):

> The advertised specifications for every contract in excess of $2,000, to which the United States ... is a party, for construction ... of public buildings ... shall contain a provision stating the minimum wages to be paid various classes of laborers ... which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers ... employed on projects of a character similar to the contract work in the city ... in which the work is to be performed ... and every contract based upon these specifications shall contain a stipulation that the contractor ... shall pay all ... laborers ... the full amounts accrued at the time of payment, computed at wage rates not less than those stated in the advertised specifications....

Subsection (b) defines "wages," "wage rates," and "prevailing wages" as,

> (1) the basic hourly rate of pay; and
> (2) the amount of ...
> (A) the rate of contributions ... made to a trustee ... pursuant to a fund ... and
> (B) the rate of costs to the contractor ... in providing benefits to laborers ... for medical or hospital care, pension ... or other bona fide fringe benefits....

Therefore, the statute has defined "wage" to be composed of both a per hour cash payment, plus a fringe benefit package. Subsection (b) provides, however, that the employer can satisfy the fringe benefit portion of the wage by either making contributions to a trust fund, by bearing the cost of a benefits program, or by paying the equivalent amount to the employee in cash.

On the face of the statute, the court finds nothing to suggest that when overtime pay is calculated, the "wage" would be calculated as a per hour cash payment, rather than a per hour cash payment plus fringe benefits as provided in the statute.

Plaintiff's interpretation to the contrary is based on a reading of the Contract Work

Hours and Safety Standards Act, ["CWHSSA"], 40 U.S.C. § 327, *et seq.* That act states at § 328(a) that the standard work day is to be 8 hours and the standard work week is to be 40 hours. The statute says,

Work in excess of such standard work day or work week shall be permitted subject to the provisions of this section. For each workweek in which any laborer ... is so employed, wages shall include compensation at a rate not less than one and one-half times the basic rate of pay for all hours worked in excess of 8 hours in any calendar day or in excess of 40 hours in the workweek.... ·

The Davis-Bacon Act provides:

In determining the overtime pay to which the laborer ... is entitled under any Federal law, his ... basic hourly rate of pay ... shall be deemed to be the rate computed under ¶ 1 [i.e., the per hour cash payment portion of wages].

Therefore, reading the CWHSSA in conjunction with the Davis-Bacon Act, the CWHSSA provides that the overtime wage shall *include* compensation of 1½ times the per hour cash payment. The Davis-Bacon Act provides that the 1½ bonus multiplication apply only to the per hour cash payment, and not that the employer also be liable for 1½ times the fringe benefits for overtime work. Plaintiff's argument that the CWHSSA's 1½ times bonus be the *exclusive* amount of wage during overtime is belied by the phrase "wages shall *include* ..."

The legislative history of the Act also supports the Board's interpretation. The Davis-Bacon Act was originally enacted in 1931 to ensure that government contractors "were free to compete against each other in efficiency, know-how, and skill rather than in terms of their ability to depress the prevailing wage structure in a locality." *House Report No. 308*, page 2. The Act was amended in 1964, two years after the passage of the CWHSSA, to provide the first definition of "wages" in the Act. The legislative history states,

There has been a tremendous change in the concept of earnings since Congress enacted the Davis-Bacon Act. Group hospitalization, disability benefits, and other fringe benefit plans were the rare exception in the 1930's. Today more than 85 million persons in the United States depend upon the benefits they provide. Regardless of the form they take, the employer's share of the cost of these plans or the benefits the employers provide are a form of compensation. It has become increasingly apparent that if the Davis-Bacon Act is to continue to accomplish its purpose, prevailing wage determinations issued pursuant to the act must be enlarged to include fringe benefits.

*Id.,* at pages 2–3.

The Supplemental Views section of the legislative history further provides,

The cost of fringe benefits should be included when the prevailing wage rate is computed under provisions of the Davis-Bacon Act. When the act was passed in 1931, fringe benefits were for the most part unknown. At that time, a worker received a flat amount, usually so much per hour, and this constituted his whole wage. Today, that is not the case. The so-called fringe benefits are an important part of a worker's wage, often being given today in lieu of increases in actual cash wages. Therefore, we believe the present law should be amended to permit the inclusion of fringe benefits when the prevailing wage is determined.

*Id.,* at page 10.

The legislative history also provides,

A provision was added which specifically provides that fringe benefits shall not be used in the calculation of overtime. This provision was necessary to prevent penalization of contractors who might pay fringe benefits in cash. The exclusion of fringe benefits from the calculation of overtime also conforms to the Fair Labor Standards Act.

The Board has quoted a statement from Congressperson Sickles demonstrating that he clearly assumed that fringe benefits contributions would be paid on overtime hours in addition to the 1½ times bonus.

The Davis-Bacon Act was passed after the CWHSSA. Congress knew of the 1½ times provision of the CWHSSA. In the Davis-Bacon Act, Congress addressed the relationship between that Act and the 1½ times provision. Had Congress intended to further provide that the fringe benefit portion of wages not be paid for overtime work, contrary to the clear statements about fringe benefits contained in the body of the Act, it could have done so. It did not, and in light of the legislative history, the court finds no basis for concluding that such an interpretation is warranted.

Plaintiff also argues that Congress intended that government contract laborers be paid in accordance with private sector laborers. They assert that if fringe benefits are paid on overtime hours, the total wage would be higher than the prevailing wage in the private sector. To the contrary, an intervenor, the Building and Construction Trades Department, has submitted a number of affidavits from union business managers to the effect that union members in the construction industry in New Jersey are paid fringe benefits for overtime work "at least at the standard rate and often at a premium rate."

Plaintiff also argues that it should be excused from the provisions of the Act because the Act is ambiguous. The Board held that "The 1964 amendments have been in place almost twenty years. The Board has no knowledge of any other contractors having a similar problem. In fact it appears to be standard knowledge in the construction industry that contractors performing work subject to the Davis-Bacon Act must pay fringe benefits for all hours worked, including overtime hours." Plaintiff neither challenges this finding nor offers an alternative factual statement. In any event, the court finds that the Act is not ambiguous and declines to relieve plaintiff from its obligations.

In conclusion, the Davis-Bacon Act requires that fringe benefits become a portion of all wages paid to covered employees. The Act is to be applied to all hours worked, whether regular time or overtime. Therefore, plaintiff's motion for summary judgment is denied and defendant's motion is granted.