**HOLLOWAY CONSTRUCTION CO.,
Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF
LABOR, Defendant–Appellee.**

No. 89–1136.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 8, 1989.

Decided Dec. 15, 1989.

Rehearing and Rehearing En Banc
Denied Feb. 20, 1990.

J. Leonard Hyman, Kathleen A. Stibich (Argued), Carson, Fischer, Potts & Hyman, Birmingham, Mich., for plaintiff-appellant.

Peter A. Caplan, Asst. U.S. Atty. (Argued), Office of the U.S. Atty., Detroit, Mich., for defendant-appellee.

Before KRUPANSKY and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant, Holloway Construction Company (appellant), appeals the decision of the district court dismissing its action seeking declaratory and injunctive relief. In dismissing appellant's action, the district court sua sponte raised the doctrine of res judicata as a bar to further litigation of matters it had previously adjudicated. In the instant appeal, appellant challenged the district court's authority to dismiss an action on res judicata grounds where the defendant-appellee, the United States Department of Labor (Department), had failed to plead res judicata as an affirmative defense.

Appellant was the general contractor for a federally-funded state highway project undertaken in Pennsylvania between 1982 and 1983. The Department ruled in 1985 that appellant had failed to pay its employees approximately $180,000 in fringe benefits and overtime compensation in violation of the Davis–Bacon Act, 40 U.S.C. §§ 276a to 276a–5. Appellant appealed this ruling administratively to no avail, and in 1985 appellant commenced action before the district court seeking judicial review of the Department's ruling. The district court upheld the Department's ruling. *Holloway Construction Co. v. Wage Appeals Bd.*, No. 85–73600 (E.D.Mich. August 20, 1986). Appellant appealed to this court, which affirmed the district court's holding. 825 F.2d 1072 (6th Cir.1987). As a result of this litigation, the amount owing pursuant

to the Department's order was paid over to the Department. To this date, the Department has possession of funds designated for payment to former employees of appellant who cannot be located.

On June 6, 1988 appellant commenced the instant action, requesting that the district court order the Department to return to appellant that portion of the paid-over funds that was earmarked for employees who had not been located. The Department, in defense of this action, moved for dismissal alleging that appellant failed to state a cause of action for which relief could be granted and, in the alternative, alleged that the district court did not have jurisdiction because the United States had not waived sovereign immunity with respect to the asserted claims.

The district court found each of the Department's pleaded bases for dismissal to be without merit, but, acting sua sponte, dismissed the complaint under the doctrine of res judicata because appellant was, in the instant litigation, merely advancing a new theory in an effort "to recover part of the $180,000 in back wages for which it was adjudged liable in the previous litigation." *Holloway Construction Co. v. United States Dept. of Labor*, No. 88–72345 at 4 (E.D.Mich. December 14, 1988).

Appellant challenges the ability of a district court to sua sponte raise the doctrine of res judicata as a bar to its declaratory action. The district court correctly noted, however, that it was empowered to raise res judicata sua sponte. *Id.* at 3 n. 1 (citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting)). This court is in agreement with the district court's reasoning, and would add that a district court may invoke the doctrine of res judicata in the interests of, *inter alia*, the promotion of judicial economy. *Sioux Nation*, 448 U.S. at 432, 100 S.Ct. at 2749; *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

For the foregoing reasons, the district court's order dismissing appellant's action pursuant to the doctrine of res judicata is affirmed.