991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Ralph ELLIS, Sr., Plaintiff-Appellant,
v.
BOARD FOR CORRECTION OF NAVAL RECORDS, Defendant-Appellee.
 No. 92-4133.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Ernest Ralph Ellis, Sr., appeals the dismissal of his complaint filed under 10 U.S.C. § 1552 for the correction of military records as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ellis filed his complaint in the district court seeking correction of naval records pertaining to his 1975 discharge from military service. Thereafter, plaintiff moved the district court for a default judgment. The district court considered the complaint sua sponte and dismissed it as frivolous. Plaintiff's subsequent motion for reconsideration was denied by the district court.
 
 
 4
 Upon consideration, we affirm the judgment of the district court because plaintiff's complaint is clearly barred under the doctrine of res judicata. It is ordinarily error to raise an affirmative defense sua sponte unless the defense is obvious from the face of the complaint. See Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir.1988); Yellen v. Cooper, 828 F.2d 1471, 1475-76 (10th Cir.1987). On the other hand, a district court may raise the doctrine of res judicata sua sponte in the interests of promoting judicial economy. Holloway Const. Co. v. United States Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir.1989) (per curiam). Here, we conclude that the district court properly raised the doctrine of res judicata sua sponte in the interest of judicial economy because it had rendered judgment to the same defendant with respect to plaintiff's claim six months earlier also on the ground of res judicata.
 
 
 5
 Finally, plaintiff's claim that the district court did not address his motion for default judgment is without merit. Generally, Fed.R.Civ.P. 55(e) provides that default judgment against the United States or an agency thereof may not be granted "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Although plaintiff's motion for default judgment was not expressly denied by the district court, clearly plaintiff failed to establish his claim satisfactorily to the court.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation