19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. ZACK, Plaintiff-Appellant,
v.
Lester J. SOVA, et al., Defendants-Appellees.
 No. 93-1989.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 William D. Zack, pro se, appeals a district court order dismissing his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this civil rights case, filed under 42 U.S.C. Secs. 1983, 1985, 1986, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Zack has named several former business associates, an IRS agent, the assistant United States attorney, a district court judge, the Department of Justice, and several other private citizens who were involved in former business dealings with a corporation in which Zack was a partner and shareholder. Zack claimed that several of his due process and statutory rights were violated by the defendants, acting individually and in concert.
 
 
 4
 Zack listed thirty "causes of action" in his original complaint, which may be summarized as followed: 1) his rights were violated under Sec. 1983 and Bivens; 2) the defendants conspired to deprive him his statutory rights by denying him equal privileges and immunities under Sec. 1985, and he is entitled to damages under Sec. 1986 for this statutory violation; 3) the defendants conspired to obstruct justice by interfering with his court trial and applying undue influence on the jurors in violation of his rights under Sec. 1985 and under the Fifth Amendment; 4) the defendants conspired to violate the provisions of 18 U.S.C. Sec. 1962 (RICO Act) by committing wire and mail fraud in violation of 18 U.S.C. Secs. 1341 and 1343 and by receiving income from this activity involving interstate and foreign commerce; 5) the Department of Justice is liable to him under 28 U.S.C. Sec. 2674 (Federal Tort Claims Act); 6) the defendants have deprived him of his right under the First Amendment to petition the government for redress of his grievances; 7) his Eighth Amendment right to be free from cruel and unusual punishment has been violated; 8) the defendants violated the Thirteenth Amendment prohibiting slavery and involuntary servitude; 9) several Michigan state laws have been violated by the defendants, by their fraudulent concealment of documents and information, breach of contract, fraudulent interference with business, fraudulent interference with contracts, slander, libel, and "coercion." The district court dismissed this case as frivolous under 28 U.S.C. Sec. 1915(d) and certified that any appeal would be frivolous and would not be in good faith. 28 U.S.C. Sec. 1915(a).
 
 
 5
 We affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Zack has appealed to this court from a nearly-identical lawsuit filed in the same district court in 1992. In Zack v. Sova, No. 93-1216, 1993 WL 386754 (6th Cir. September 30, 1993), this court recognized Zack's complaints in that lawsuit as including allegations that the defendants conspired to destroy him and his family by cheating him out of his interest in a number of businesses, denying him an insurance claim against the Chubb Group of Insurance Companies, and testifying falsely against him at his federal criminal tax fraud trial. Zack brought the prior suit under a multitude of civil rights statutes and under the RICO Act. The defendants named in that suit were identical to the ones named in this suit now before this court for review, with the exception of two additional parties in this suit, specifically, defendant Sheldon Light, who was apparently the prosecuting attorney in Zack's tax fraud case, and district court Judge Paul Gadola, the presiding judge in that criminal case. Albeit under different numerical designations, Zack set forth, in his prior complaint, the same history of facts and resulting alleged constitutional and statutory violations under Secs. 1983, 1985, 1986, and under 18 U.S.C. Secs. 1962 and 1964. The district court entered final judgment against Zack in that case, on the merits.
 
 
 6
 Under the doctrine of res judicata, a final judgment in a case on the merits bars any and all claims by the parties or their privies based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). This doctrine has been referred to as "claim preclusion," as opposed to "issue preclusion," where an issue actually and necessarily determined by a court of competent jurisdiction is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153-54 (1979). As explained by the Supreme Court in Montana:
 
 
 7
 To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.
 
 
 8
 Montana, 440 U.S. at 153-54. This court has held that a district court may invoke the doctrine of res judicata, sua sponte, in the interests of justice, notwithstanding the requirement in Fed.R.Civ.P. 8(c) that the doctrine must be affirmatively pled. Holloway Constr. Co. v. United States Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir.1989) (per curiam). Federal courts may raise the issue of res judicata, sua sponte, and an appellate court may raise the issue of res judicata as a means to affirm the district court below. Russell v. Sunamerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir.1992).
 
 
 9
 In this case, the four elements of res judicata have been established, specifically: 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) this second action involves the same parties or their privies as the first, with the exception of defendants Light and Gadola; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. Sanders Confectionery Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 113 S.Ct. 1046 (1993). Thus, the allegations in Zack's current complaint are barred by the doctrine of res judicata and will not be considered on the merits by this court, on appeal.
 
 
 10
 Finally, the district court properly dismissed Zack's complaint against defendants Light and Gadola as frivolous, because this suit against these individuals is barred under the doctrines of judicial and prosecutorial immunity. See Stump v. Sparkman, 435 U.S. 349, 357 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
 
 
 11
 Accordingly, the district court's order is hereby affirmed, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation