23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary K. HUDSON, Plaintiff-Appellant,
v.
Michael BAER, Assistant United States Attorney; Tom Clay,
Deputy for the United States Marshal Service; Patrick Kane,
Former Warden; Charles Gilbert, Former Investigative
Supervisor, FCI-Lexington, currently a Deputy for the United
States Marshal Service; Dona Wilson, Inmate Systems
Manager; Vicki Talbert, Case Manager; Kevin Kanan,
Correctional Officer; J. Michael Quinlan, sued as Michael
Quinlan; Patrick Kane, United States Bureau of Prisons,
Defendants-Appellees.
 No. 93-6493.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 Before: MARTIN, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mary K. Hudson appeals a dismissal without prejudice of her complaint filed pursuant to the authority in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hudson filed her complaint in the district court alleging that the defendant federal officials engaged in a conspiracy which culminated in her plea of guilty to attempting to escape from federal custody in violation of 18 U.S.C. Sec. 751(a). Plaintiff ultimately was sentenced to a term of imprisonment of 27 months to be served consecutively to the 69 months of imprisonment plaintiff is currently serving for bank fraud.
 
 
 3
 The magistrate judge recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d), and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. However, the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 4
 Under the circumstances of this case, we conclude that the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A sua sponte dismissal based upon an affirmative defense apparent on the face of a complaint may be appropriate in the interest of judicial economy. Holloway Constr. Co. v. United States Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir.1989) (per curiam). Further, Kentucky's tolling statute was repealed effective July 13, 1990, Brown v. Wigginton, 981 F.2d 913, 914 (6th Cir.1992) (per curiam), and plaintiff has not shown a continuing violation of her rights. See, e.g., Haithcock v. Frank, 958 F.2d 671, 678 (6th Cir.1992); Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991); Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). Accordingly, the district court did not abuse its discretion in dismissing plaintiff's complaint without prejudice.
 
 
 5
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.