**Phillip JOHNSON, Plaintiff–Appellant,**

v.

**UNITED STATES OF AMERICA,
Defendant–Appellee.**

No. 01–4234.

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Phillip Johnson, a federal prisoner proceeding pro se, appeals a district court judgment dismissing, pursuant to the provisions of 28 U.S.C. § 1915A, his civil action filed under the Privacy Act, 5 U.S.C. § 552a. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 12, 2001, Johnson filed an in forma pauperis complaint against the United States of America, alleging that his prison record maintained by the Bureau of Prisons ("BOP") contains inaccurate information, which has negatively affected his custody classification, security designation,

and place of confinement within the BOP. The exhibits attached to Johnson's complaint indicate that Johnson is dissatisfied with his "public safety factor," which the BOP used to determine his custody classification. According to Johnson, his public safety factor prevents him from being transferred to a prison closer to his release destination. Relying upon the Privacy Act, Johnson sought injunctive and declaratory relief in the form of correction of the alleged inaccurate information contained in his prison record.

The district court dismissed Johnson's complaint, finding the action barred by the doctrine of res judicata. Johnson has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit under § 1915A. *Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir.2000). We also review de novo a district court's dismissal of a suit on res judicata grounds. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995).

Res judicata, or claim preclusion, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane,* 71 F.3d at 560. Res judicata applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane,* 71 F.3d at 560.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District  of Ohio, sitting by designation.

Previously, on March 20, 2001, Johnson filed an in forma pauperis complaint in the United States District Court for the Northern District of Ohio against the United States, alleging violations of the Privacy Act. In that complaint, Johnson alleged that the BOP utilized incorrect information contained in his prison record when determining his custody classification. On June 4, 2001, the district court addressed the merits of Johnson's Privacy Act claims and dismissed the complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e).

Upon review, we conclude that the district court properly dismissed the complaint filed by Johnson in the instant action on res judicata grounds. The prior March 2001, action and the instant action involve the same parties in that Johnson is the plaintiff and the United States is the defendant. Both actions are based upon the same facts and allegations, namely the BOP's determination of Johnson's custody classification based upon allegedly inaccurate information. In both actions, Johnson proceeded in forma pauperis. The dismissal of Johnson's prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata. *See Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Thus, because the instant action simply reasserted the same claims and causes of action against the United States arising out of the same facts as asserted in the prior suit, it is barred by res judicata. *See Federated Dep't Stores, Inc.,* 452 U.S. at 398, 101 S.Ct. 2424; *Kane,* 71 F.3d at 560. Under the circumstances of this case, the district court properly raised the doctrine of res judicata sua sponte in the interest of judicial economy. *See United States v. Sioux Nation of Indians,* 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting); *see also Holloway Const. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir.1989).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.