Jerry L. JOHNS, Plaintiff–Appellant,

v.

Claudia BONNYMAN, Chancellor; Jana Herrera, Deputy Clerk and Master; Irvin H. Kilcrease, Jr., Chancellor; Carol L. McCoy, Chancellor; Ellen Hobbs Lyle, Chancellor; Frank F. Drowota, III, Chief Justice, Tennessee Supreme Court; E. Riley Anderson, Justice, Tennessee Supreme Court; William M. Barker, Justice, Tennessee Supreme Court; Adolpho A. Birch, Jr., Justice, Tennessee Supreme Court; Janice M. Holder, Justice, Tennessee Supreme Court; Paul G. Summers, Attorney General of Tennessee, each defendant is named in their official and individual capacity. Defendants–Appellees.

No. 03–6646.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Rehearing En Banc Denied Nov. 8, 2004.

Jerry L. Johns, Mountain City, TN, pro se.

Lora Barkenbus Fox, Mark A. Hudson, Asst. Atty. General, Nashville, TN, for Defendants–Appellees.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

## ORDER

Jerry L. Johns, a Tennessee prisoner proceeding pro se, appeals the dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Johns filed this civil rights action against the former Clerk and Master of the Chancery Court for Davidson County, Tennessee (Clerk), four Chancellors of the 20th Judicial District (Chancellors), five Tennessee Supreme Court Justices (Justices), and the Attorney General of Tennessee (Attorney General) in their individual and official capacities, alleging a violation of his First Amendment right to access the courts. Johns alleged that his civil rights were violated when the Clerk refused to file in the Chancery Court of Davidson County (Chancery Court), a "Petition for a Common Law Writ of Certiorari," challenging parole hearing procedures. The Clerk returned the petition to Johns with a copy of an order issued by the Chancellors directing the Clerk to comply with Tenn.Code Ann. § 41–21–812, which prohibits a clerk from filing a claim received from an inmate until the inmate pays in full any unsatisfied fees, taxes, costs or other expenses. Johns further alleged that his civil rights were violated by the Chancellors, the Justices and the Attorney General when after he notified them of the actions of the Clerk, they failed to take any action on his behalf. In his complaint, Johns requested compensatory damages as well as punitive damages in the amount of $1,000,000,000 per defendant.

The district court dismissed Johns's complaint for lack of subject matter jurisdiction, stating that it could not review a state court decision arising out of a judicial proceeding pursuant to the holding in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The trial court further noted that an appeal from the order would not be taken in good faith. Johns subsequently filed three separate motions

to alter or amend the order. The district court entered an order reaffirming its lack of subject matter jurisdiction pursuant to *Feldman* from which Johns filed a notice of appeal. On appeal, Johns argues that the defendants violated his right to access the courts and his due process and equal protection rights.

Whether the district court properly dismissed an action for lack of subject matter jurisdiction is a question of law subject to de novo review. *See Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). The *Rooker–Feldman* doctrine is derived from two Supreme Court cases that establish that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir.2002) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923)); *Feldman,* 460 U.S. at 483, 103 S.Ct. 1303. Specifically, a federal district court lacks subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are "inextricably intertwined" with a state court's decision rendered in a judicial proceeding. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149; *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998). A federal claim is inextricably intertwined where relief is predicated upon a belief that the state court was wrong, but a federal claim that challenges procedures rather than substance is permitted. *Catz,* 142 F.3d at 293–94.

In this case, the Clerk was prohibited from filing any new claims in the Chancery Court for Davidson County until Johns's prior fees and costs were paid in full. Consequently, Johns was prohibited from filing an action in that court challenging the Clerk's refusal to file his petition

or the inaction of the Chancellors, the Justices and the Attorney General. As Johns's civil rights claim in the district court alleged a claim that has not been considered by a Tennessee court, Johns's federal claim was not precluded by *Rooker–Feldman. See generally Wood v. Orange County,* 715 F.2d 1543 (11th Cir. 1983), cited with approval in *United States v. Owens,* 54 F.3d 271 (6th Cir.1995).

However, an appellate court may affirm a decision of the district court if that decision is correct for any reason, including a reason not considered by the district court. *Loftis v. United Parcel Serv.,* 342 F.3d 509, 514 (6th Cir.2003). In the interest of judicial economy, we *sua sponte* raise the doctrine of immunity. *See Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir.1989); *Davidson v. Eblen,* No. 97–5486, 1998 WL 69753 (6th Cir. Feb.10, 1998) (unpublished).

Judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). Moreover, absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). Quasi-judicial immunity extends to "those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* Specifically, this court has previously determined that enforcing an order of the court is intrinsically associated with the judicial process. *Id.* In the present case, the Clerk, Chancellors and Justices were merely enforcing an order of the Chancery Court or refusing to

impede the execution of an order of that court. Consequently, they are protected by absolute judicial immunity. Furthermore, the Attorney General is entitled to prosecutorial immunity for refusing to take action on Johns's behalf. *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Furthermore, when sued in an official capacity, the Eleventh Amendment protects state officials as these suits are deemed an action against the State. *See Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir.2004). As the defendants in this case were all officers of the State, they are each entitled to Eleventh Amendment immunity for claims brought against them in their official capacities.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.