Arleamon SADLER, Jr., Plaintiff,

v.

Lee P. BROWN, et al., Defendants.

No. 91 Civ. 1198 (JES).

United States District Court, S.D. New York.

June 23, 1992.

Arleamon Sadler, Jr., pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Christine H. Chung, David Sipiora, Asst. U.S. Attys., of counsel), Robert Abrams, Atty. Gen. for the State of N.Y., New York City (Lisa M. Evans, Asst. Atty. Gen., of counsel), Victor A. Kovner, Corp. Counsel, New York City (Bonnie Goldsmith, Payal Mehta, Asst. Corp. Counsels, of counsel), for City of New York.

William J. Cowan, Albany, N.Y. (Eleanor Stein, of counsel), for Public Service Com.

Albert C. Cosenza, Brooklyn, N.Y. (Joyce Rachel Ellman, of counsel), for New York Transit Authority and New York Transit Police Dept.

Mendes & Mount, New York City (Joseph A. Deliso, of counsel), for Fordham University.

John M. Clarke, New York City (Carol Abramson, Joel Bossom, of counsel), for New York Telephone Co.

Kenneth A. Perko, Jr., New York City, for Rockefeller Center, Inc.

Hertzog, Calamari & Gleason, New York City (David E. Mollon, of counsel), for Food Emporium/Shopwell Supermarkets.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for Barnes & Noble Bookstores, Inc.

Lawlor, Caufield, Galvin, Heller & Harris, New York City (Rose M. Trifiletti, of counsel), for Finast Supermarkets.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Arleamon Sadler, Jr. brings this action *pro se* against thirty-six defendants, including numerous government officials and agencies of the city and state of New York, federal government agencies, judges, and assorted private entities and individuals. Plaintiff seeks damages of $100 trillion and injunctive relief stemming from defendants' alleged violations both of plaintiff's civil rights under 42 U.S.C. §§ 1983 and 1985(3)[1], and plaintiff's constitutional rights under the First, Fourth, Fifth, Ninth, Thirteenth and Fourteenth Amend-

ments. Defendants move, *inter alia*, to dismiss plaintiff's complaint on grounds of res judicata[2], failure to comply with the requirements of Fed.R.Civ.P. 8(a), and failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).[3] For the reasons that follow, defendants' motions are granted and the complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff alleges that after he reported a potential case of police corruption to the Internal Affairs Unit of the New York City Police Department in August 1989, defendants responded by placing him under constant surveillance. *See* Plaintiff's Complaint ¶¶ 3–4 ("Compl."). Plaintiff conclusorily asserts that his "mail was tampered with, his phone conversations tapped, his right to earn a living as he see [sic] fit denied, his right to travel and associate hampered and obstructed, [and] his access to legal agencies and the services of said agencies denied ...," *see* Compl. ¶ 5, with the consequence that plaintiff has been placed in a state of involuntary slavery. *See* Compl. ¶¶ 4–5. Plaintiff also alleges, even more generally, that defendants have violated his rights to free speech and of the press, to due process and equal protection of the law, and to privacy. *See* Compl. ¶¶ 7–9.[4]

1. Though not explicitly cited as violations of sections 1983 and 1985(3), the Court, affording plaintiff's *pro se* complaint the liberal reading required by *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), construes them as such.

2. Though res judicata is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and is usually resolved on a motion for summary judgment, the Court has discretion to permit res judicata to be raised in a pre-answer motion to dismiss. *See, e.g., Lambert v. Conrad,* 536 F.2d 1183, 1186–87 (7th Cir.1976); *Hammer v. Town of Greenburgh,* 440 F.Supp. 27 (S.D.N.Y.1977), *aff'd without opinion,* 578 F.2d 1368 (2d Cir.1978); *Thistlethwaite v. City of New York,* 362 F.Supp. 88 (S.D.N.Y. 1973), *aff'd,* 497 F.2d 339 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).

3. Certain defendants also move to dismiss on other grounds, namely, that plaintiff did not serve them properly in violation of Fed.R.Civ.P. 4(g), that service was accomplished more than

120 days after the filing of the complaint in violation of Fed.R.Civ.P. 4(j), and that they are cloaked with either absolute or qualified immunity as judicial or executive officials. One defendant, Public Service Commission, moves for judgment on the pleadings, and another defendant, Fordham University, asks that sanctions be imposed against plaintiff on the basis that plaintiff's lawsuit against it is frivolous. In view of the Court's dismissal of plaintiff's claims on the grounds set forth in this memorandum opinion and order, the Court need not reach these other issues. As to requests that sanctions be imposed, the Court defers consideration until such time as formal motions are filed.

4. Additionally, plaintiff has filed, and continues to file, a series of applications with the Court. Initially, the Court denied by Order entered April 30, 1991 a motion for a temporary restraining order enjoining helicopter surveillance of plaintiff. Three additional motions for temporary restraining orders and other applications are presently pending before the Court. A mo-

In December 1989, plaintiff filed a similar action before Judge Shirley Wohl Kram of this court, asserting claims based on the same transactions or occurrences as those alleged in the instant action. On June 21, 1990, Judge Kram dismissed plaintiff's amended complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff appealed from the dismissal of his amended complaint which was dismissed as untimely on February 13, 1991, six days before he filed the instant complaint. Plaintiff also filed a complaint on August 27, 1990 alleging that New York City Mayor David N. Dinkins and Deputy Mayor Bill Lynch attempted to prevent his attorney from advising him regarding the aforesaid action. This second action was assigned to Judge Miriam Goldman Cedarbaum and was dismissed on November 7, 1990, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Despite plaintiff's reference to his attorney in both the second action and the instant action, he prosecuted all three actions *pro se*. Plaintiff filed the present complaint on February 19, 1991.

## DISCUSSION

The doctrine of res judicata operates to preclude litigation of a cause of action previously decided on its merits by a court of competent jurisdiction in a case involving the same parties or their privies.

*Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). To prevail on a defense of res judicata, the law of this Circuit requires that a defendant establish that there was a "final judgment on the merits" in the prior action, that issues raised in the subsequent action were identical to those decided in the prior action, and that the party against whom the defense is asserted was a party in the prior action. *Kreager v. General Electric Company*, 497 F.2d 468, 472 (2d Cir.), *cert. denied*, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95, *reh'g denied*, 419 U.S. 1041, 95 S.Ct. 530, 42 L.Ed.2d 319 (1974).

Plaintiff alleges the same nucleus of facts in the instant case as those alleged in the case filed before Judge Kram. The determination whether claims are duplicative for purposes of res judicata "is not a matter of precision, nor subject to the application of any mechanical formula." *Expert Electric v. Levine*, 554 F.2d 1227, 1234 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Both complaints allege that, at approximately the same time in 1989, plaintiff reported a possible case of police corruption to the Internal Affairs Unit, and that thereafter, defendants conspired to place him under constant surveillance, to tap his telephone, to hamper his ability to travel, and to obstruct his access to public places and the courts.[5] Accordingly, the Court finds that

tion filed July 25, 1991 seeks to restrain certain defendants from interfering with public transportation with the intention of delaying plaintiff and hampering his attempts to pursue his claims. A motion filed August 8, 1991 seeks to restrain certain defendants from engaging in surveillance via telephone contact with merchants, building guards, and building maintenance and staff personnel. A third motion, dated October 2, 1991, seeks to enjoin certain defendants from (1) tapping both his home phone and public telephones, at "the Federal Court House at Foley Square in particular," (2) preventing the taking of interrogatories, and, again, (3) purposely delaying public transportation, "in particular to the Bronx Supreme Court House." Additionally, plaintiff filed a default judgment in May, 1991 and a motion seeking to add seven defendants to his original complaint on August 29, 1991. On November 26, 1991, plaintiff served a "petition for addressing judicial inequities; filing of served summons and complaints; decision of motions; equal access

to law" and, subsequent to that, he served correspondence related thereto, all "to be read, opened, and responded to only by Judge Sprizzo." On February 3, 1992, plaintiff filed a motion for a permanent injunction against both named defendants and non-defendants, which, in addition to equitable relief, seeks damages in the amount of $10,000 from each of the named "parties" for generally obstructing plaintiff's attempts to conduct discovery, even though an Order of this Court continues to stay all discovery. Plaintiff has conducted some of this activity *ex parte*, and has directly served the Court's staff with papers, in violation of the Court's rule against direct delivery of outside mail. The Court's opinion encompasses a consideration of all applications made in this action.

**5.** Plaintiff's complaint in his action before Judge Kram alleged that he requested that the Internal Affairs Unit investigate police involvement in a

the two complaints plead an identity of facts concerning the same transactions or occurrences. *See id.* at 1234.

The requirement of identity of parties is also satisfied. Plaintiff, as he presently does here, both instituted and prosecuted the previous action, thus clearly meeting the requirement "that the party bound [be] in substance the one whose interests were at stake in the prior litigation." *Id.* at 1233.

Finally, the prior decision was on the merits. Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal of an action upon a motion by the defendant, unless otherwise specified by the court dismissing the action, shall constitute an adjudication on the merits. *See* Fed.R.Civ.P. 41(b); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 712–15 (2d Cir.1977); *Exchange National Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir.1976) ("judgments under Rule 12(b)(6) are on the merits, with res judicata effects...."). Since plaintiff's action before Judge Kram was dismissed upon motion of the defendants pursuant to Fed.

R.Civ.P. 12(b)(6) with no specification that that dismissal was not on the merits, it is clear that plaintiff's previous action was dismissed on the merits, and that this action is barred by res judicata.

■ In any event, plaintiff's complaint here clearly fails to state a claim upon which relief can be granted. Plaintiff's section 1985(3) claim is impermissibly vague. "[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (citations omitted).[6] Furthermore, notwithstanding the liberality with which courts must construe *pro se* complaints, plaintiff's section 1983 claims must be dismissed for failure to comply with Fed.R.Civ.P. 8(a) because plaintiff's complaint expresses only the most highly conclusory allegations.[7] *See Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988).

## CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice.[8] It fol-

---

"block busting" operation, and "filed an investigation complaint with two members of the Internal Affairs Unit" in April 1989. His complaint in the present case alleges that he reported a case of police corruption in August 1989 based on the advice of his attorney. However, res judicata precludes litigation of claims arising out of a previously litigated transaction or series of transactions, even if based upon different legal theories. *See In re Teltronics Services, Inc.,* 762 F.2d 185, 193 (2d Cir.1985).

**6.** Additionally, with respect to plaintiff's section 1985(3) claim, plaintiff fails to allege the necessary "class-based, invidiously discriminatory animus" behind the alleged conspiracy. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983); *Katz v. Klehammer,* 902 F.2d 204, 207–08 (2d Cir.1990).

**7.** The Court has no basis to believe, given the history of this litigant and the manner in which he has proceeded thus far, that any amended pleadings will cure the deficiencies of the present complaint. Plaintiff filed both an original and amended complaint before Judge Kram, who granted leave to file an amended complaint. Plaintiff's amended complaint in that case was nevertheless held to be "not sufficient-

ly specific." *Sadler v. City of New York,* No. 89 Civ. 8638, 1990 WL 88861, at *3, 1990 U.S. Dist. LEXIS 7576, at *8 (S.D.N.Y. June 21, 1990). Plaintiff filed a third, factually duplicative complaint in the instant action with even less specificity than the complaint filed before Judge Kram. Because plaintiff has demonstrated his inability over time to plead any claim for relief, the Court would dismiss this complaint with prejudice even assuming, *arguendo,* that it was not barred by res judicata. *See Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *see generally Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (court's dismissal without leave to amend affirmed where leave had been granted and plaintiff failed to correct deficiencies), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973).

**8.** As to those defendants who have not moved to dismiss, or who have moved to dismiss on a ground other than those set forth by the Court herein, the Court dismisses, *sua sponte,* the complaint as to them on the ground set forth herein. *See United States v. Sioux Nation of Indians,* 448 U.S. 371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting); *In re Medomak Canning,* 922 F.2d 895, 904–05 (1st Cir. 1990); *Holloway Construction Co. v. United States Department of Labor,* 891 F.2d 1211, 1212

lows that plaintiff's numerous requests for relief documented above must also be denied. The Clerk of Court is directed to close the above-captioned action.

It is SO ORDERED.

(6th Cir.1989), *en banc reh'g denied,* 1990     U.S.App. LEXIS 4881 (6th Cir.1990).