Miriam SNYDER, Plaintiff,

v.

YONKERS PUBLIC SCHOOL DISTRICT, The School Board, Mr. Petrone Individually And As Interim Superintendent Of Schools, Mr. House, Individually And As Non–Tenured Principle, Yonkers Federation Of Teachers, Rita Seligman, Individually And As Executive Vice President, Defendant.

No. 03 CIV. 9857(CM).

United States District Court, S.D. New York.

April 22, 2004.

---

Miriam Snyder, Bronx, NY, pro se.

Steven A. Friedman, New York, NY, Vincent P. D'Andrea, Donoghue, Thomas, Auslander & Drohan, Scarsdale, NY, for Defendants.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

MCMAHON, District Judge.

### I. INTRODUCTION

This is an action by pro se plaintiff Miriam Snyder against her former employer, the Yonkers Public Schools, alleging discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000-e *et seq,* as well as various other constitutional and state law claims.

### II. FACTS

Initially, Plaintiff filed an action with identical allegations arising from her termination from the Yonkers Public Schools. The case was assigned to the Hon. Charles L. Brieant (03 Civ. 00263). At a status conference before Magistrate Judge Smith on November 13, 2003 to discuss discovery issues, Plaintiff engaged in inappropriate conduct, yelling at and abusing the deputy clerk of the court as well as the Magistrate Judge. Plaintiff then stated that she was adjourning the conference and was leaving the courtroom. Magistrate Judge Smith advised Plaintiff that she should not leave the courtroom, that the conference was not adjourned and that if she did leave, permission would be given to Defendants to make a motion to dismiss this action on that ground. Notwithstanding her warnings, Plaintiff left the courtroom and did not return. As a result of Plaintiff's conduct, the discovery issues were not addressed.

Judge Brieant dismissed the action with prejudice on February 3, 2003 pursuant to Fed.R.Civ.P. 37(b)(2)(C) on the grounds that Plaintiff willfully disobeyed the court and failed to comply with Defendants' discovery requests. Snyder's original claims brought before Judge Brieant are pending decision on appeal in the United States Court of Appeals for the Second Circuit.

Plaintiff filed a second action in this court on December 10, 2003. This case was assigned to me, though it should have gone to Judge Brieant under the related case law rule. On March 19, 2004, I issued a bench decision dismissing all of Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983, *et seq* ("1983 claims"), as well as any other claims brought before Judge Brieant, on the grounds that they were barred by res judicata or claim preclusion. I reserved judgment on whether to dismiss Plaintiff's Title VII claim in order to give the parties an opportunity to submit briefs addressing whether Plaintiff's that claim was also barred by res judicata.

Plaintiff's Title VII claim is based on the same factual allegations that underlay her § 1983 claims. However, at the time Plaintiff brought her first lawsuit, she did not have the right to sue letter from the EEOC. Plaintiff alleges that the issuance of a right to sue letter (which was dated September 10, 2003, five months before Judge Brieant dismissed her first lawsuit) means that her Title VII claim is still actionable—even if all other claims predicated on the same factual allegations are barred.

### III. DISCUSSION

Plaintiff's entire complaint is dismissed with prejudice for the reasons set forth below.

The first question (dealt with at the pretrial conference) is whether Judge

Brient's dismissal of Action # 1 as a sanction compels application of claim preclusion rules. The short answer is yes. Federal Rule of Civil Procedure 37(b) provides that if a party "fails to provide or permit discovery...the court in which the action is pending may make such orders...as are just...[including]...An order striking out pleadings or parts thereof...or dismissing the action...." Fed.R.Civ.P. 37(b)(2)(C). Dismissal of an action pursuant to Rule 37(b) is a drastic penalty, which should be exercised only if the failure to comply with discovery or other court order is due to "willfulness, bad faith or any fault." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986). While pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro se litigants, have an obligation to comply with the lawful orders of a judge. A court may sanction a pro se litigant by dismissing the complaint, "so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47 (2d Cir.1994).

■ The dismissal of an action, with prejudice, for failure to comply with discovery orders is a judgment on the merits. *Nasser v. Isthmian Lines*, 331 F.2d 124 (2d Cir.1964). The Second Circuit has squarely held that when a first action is dismissed for failure to comply with discovery orders and a second action is brought on the same claim, by the same plaintiff that claim should be barred. *See Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35 (2d Cir.1972).

Plaintiff argues that because she did not yet have her right to sue letter from the EEOC when her case was before Judge Brieant, she should not be barred from bringing her Title VII claim now. She notes correctly that Judge Brieant could not have adjudicated her Title VII claim in Action # 1 until she received her right to sue letter.

■ However, under the doctrine of res judicata, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'" *Cieszkowska v. Grayline New York*, 2001 WL 1131990 (S.D.N.Y.) (*citing Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997).) Further, "a final judgment on the merits prevents a plaintiff from relitigating claims that were or *could have been* raised in a prior action against the same defendant where that action has reached a final judgment on the merits." *Cieszkowska*, 2001 WL 1131990; *Greenberg v. Board of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) (res judicata bars both "issues actually decided in determining the claim in the first action and ... issues that could have been raised in the adjudication of that claim"). Even though Plaintiff had not finished exhausting her administrative remedies, she could have brought her Title VII claim before Judge Brieant. Indeed, her first action was still pending when she received her right to sue letter. Assuming arguendo that the complaint did not already assert such a claim,[1] she should have amended her original complaint to include the Title VII claim within 90 days of receiving that letter.

1. This assumes that the claim had not already been pleaded. The record is unclear. I do not have a copy of the complaint in Judge Brieant's matter and the file has been sent to the United States Court of Appeals for the Second Circuit, which is reviewing the dismissal of Action # 1. Defendant's do not attach a copy of the First Complaint to their moving papers and they assert both that the Plaintiff did not plead a Title VII claim before

The facts here are similar to *Cieszkows-ka v. Grayline New York*, where the plaintiff commenced her first lawsuit, for wrongful termination, defamation, and wrongful denial of unemployment benefits, against Grayline in the United States District Court for the Southern District of New York. *Cieszkowska*, 2001 WL 1131990. The court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2). Before filing her first lawsuit, the plaintiff had filed a complaint with the New York State Division of Human Rights ("SDHR") alleging that she was terminated because of her age and national origin in violation of Title VII. The facts underlying her SDHR complaint were essentially those underlying her original action. The SDHR found that there was no probable cause to believe that the employer had engaged in unlawful discriminatory practices. The EEOC issued a right to sue letter only a few days before Chief Judge Mukasey dismissed the first complaint.

Plaintiff thereafter filed a second complaint against Grayline. Id. The only difference between Complaint # 1 and Complaint # 2 was that the second complaint contained allegations relating to Title VII violations. Id. In dismissing the second action on res judicata grounds, the District Court (Preska, J.) noted that the plaintiff's second action asserting Title VII violations stemmed from the same facts as her first claim. The Court applied the reasoning established in *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir.1992), and held that, to avoid res judicata, the plaintiff could have: (1) filed her claim and then sought a stay in the district court pending the outcome of her Title VII administrative proceed-ings; or (2) filed her claim, sought a right to sue notice on her Title VII claim from the EEOC after 180 days, and then amended the original complaint to include the Title VII claim. *Cieszkowska*, 2001 WL 1131990. What she could not do was bring a lawsuit asserting a new theory of recovery on the same underlying facts after the first case was dismissed.

Here Plaintiff could have raised her Title VII claim before Judge Brieant even though she had not yet exhausted her administrative requirements. Since Plaintiff could have raised her Title VII claim in the first action and since this claim arises out of the same transaction as her first suit, it is the same cause of action, for res judicata purposes. *Hernandez v. Cunningham*, 914 F.Supp. 72, 75 (S.D.N.Y. 1996) (granting motion to dismiss on res judicata grounds, where first complaint, premised on Section 1983 violations, and second complaint, premised on Title VII violations, "stem from the same defendants' harassing behavior towards" plaintiff); *Sadler v. Brown*, 793 F.Supp. 87, 88–91 (S.D.N.Y.1992) (dismissing pro se plaintiff's claims for purported violations of right to free speech, press, due process, equal protection and privacy, where plaintiff alleged "same nucleus of facts" as those dismissed in prior suit, and both suits arose out of "same transactions or occurrences").

### III. Conclusion.

For the reasons set forth above, Plaintiff's Complaint is dismissed with prejudice.

---

Judge Brieant (Memorandum of Law in Support of Defendants' Motion to Dismiss, Page 5) and that she did (Letter from Defendant dated March 29, 2004). However, since Plaintiff obtained her right to sue letter and her 90 days ran while her original matter was pending before Judge Brieant, she could and should have preserved her rights by amending the complaint-not judge shopping by bringing a new complaint before me.